| | |
|---|---|
| | **UNITED STATES DISTRICT COURT**<br><br>EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| J.E.S.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:21-cv-000784-SAB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO FILE LONG FORM APPLICATION<br><br>(ECF No. 2)<br><br>TWENTY DAY DEADLINE |

Plaintiff J.E.S., by his guardian ad litem Katrina Martinez, filed a complaint on May 14, 2021, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, upon review of Plaintiff's application, it does not entitled to proceed in this action without prepayment of fees.

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to

proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Based on the income reported which is $3,200.00 per month, Plaintiff's household income is $38,400.00 per year. The 2021 Poverty Guidelines for the 48 contiguous states for a household of four is $26,500.00. 2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 17, 2021). Based on the information provided, the income is well beyond the poverty level and it does not appear that Plaintiff is entitled to proceed without prepayment of fees in this action.

Accordingly, the Court will order Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is DENIED without prejudice;
2. The Clerk of the Court is directed to forward an *in forma pauperis* application (Long Form) to Plaintiff;

///
///

2

3. Within **twenty (20) days** of the date of this order, Plaintiff shall either (1) pay the $402.00 filing fee for this action, or (2) file an application to proceed *in forma pauperis* without prepayment of the fee; and

4. If Plaintiff fails to comply with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated: **May 17, 2021**

_____
UNITED STATES MAGISTRATE JUDGE