# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.E.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:21-cv-000784-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 2, 5)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff J.E.S., by his guardian ad litem Katrina Martinez, filed a complaint on May 14, 2021, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

    On May 17, 2021, an order issued finding that Plaintiff's application to proceed *in forma pauperis* did not demonstrate entitlement to proceed in this action without prepayment of fees. (ECF No. 5.) Plaintiff was ordered to either file a long form application to proceed without prepayment of fees or pay the filing fee within twenty days. (Id.) Plaintiff has not filed a long form application to proceed without prepayment of fees, paid the filing fee, or otherwise

responded to the May 17, 2021 order.

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Based on the income reported in Plaintiff's application to proceed *in forma pauperis,* of $3,200.00 per month, Plaintiff's household income is $38,400.00 per year. The 2021 Poverty Guidelines for the 48 contiguous states for a household of four is $26,500.00. 2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 17, 2021). Based on the information provided, the income is well beyond the poverty level. Plaintiff was ordered to file a long form application to be provided with an opportunity to demonstrate that he is entitled to proceed without prepayment of fees in this action and he did not do so. The Court finds that Plaintiff is not entitled to proceed without prepayment of fees in this action.

///

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 22, 2021**__

UNITED STATES MAGISTRATE JUDGE